# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-582V
(not to be published)

| | |
|---|---|
| THE ESTATE OF APOLINAR HASEM PERDOMO FELIZ, by and through Administrator, BIENCHIS Y. ESTEVA-FELIZ,<br><br>　　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 30, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*John Richard Taylor*, Zaytoun Law Firm, Raleigh, NC, for Petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On April 17, 2019, the Estate of Apolinar Hasem Perdomo Feliz, by and through Administrator Biechis Y.L Esteva-Feliz, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that, due to a March 12, 2017 influenza vaccine,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Apolinar Hasem Perdomo Feliz suffered from Guillain-Barré syndrome, which led to his subsequent death on April 21, 2017. (Petition at 1, 9-12). On November 25, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 29).

Petitioner has now filed a motion for attorney's fees and costs, dated May 3, 2021, (ECF No. 34), requesting a total award of $23,857.15 (representing $22,817.50 in fees and $1,039.65 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 34-4). Respondent reacted to the motion on May 4, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring resolution of the amount to be awarded to my discretion. (ECF No. 35). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney John Richard Taylor at the rate of $300 per hour for all time billed between 2017 – 2021. Petitioner also requests the rate of $125 per hour for all time billed by Mr. Taylor's paralegals. (Id). The requested rates all require adjustment.

First, Mr. Taylor has previously been awarded the rate of $250 per hour for time billed in 2017. *See The ESTATE OF Frank Lee KAPP, Jr., BY AND THROUGH FIDELITY BANK d/b/a Trust Company of North Carolina, (John Slayton, Executive Vice President and Director), Executor, Petitioner v. Sec'y of Health & Human Servs.*, No. 16-0487V, 2017 WL 6002885 (Fed. Cl. Spec. Mstr. Mar. 31, 2017). I find no reason to deviate from the previously-awarded rate, and therefore reduce Mr. Taylor's time accordingly. This results in a reduction of **$975.00**.[3]

Second, for the year 2018 I will award $265 per hour, and for 2019 $290 per hour. These are reasonable rate increases under the Office of Special Master's fee rate structure.[4] Application of these reduced rates results in a reduction of **$183.00**.[5] For time billed in 2020 and 2021, however, the requested rate of $300 per hour is reasonable, and I award it herein. Mr. Taylor will be entitled to rate increases for future years as he demonstrates more experience in Vaccine Program cases.

Finally, the rates for paralegals exceeds what was previously awarded for time billed in 2017. I will reduce the paralegal rate to the previously awarded rate of $100 per hour for time billed in 2017, resulting in a reduction of **$381.25**.[6] For the years 2018 – 2021, I find the requested paralegal rate of $125 per hour to be reasonable and award it herein.

---

[3] This amount consists of $300 - $250 = $50 x 19.50 hrs = $975.00.

[4] The of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] This amount consists of ($300 – $265 = $35 x 2.4 hrs = $84) + ($300 - $290 = $10 x 9.90 hrs = $99) = $183.00.

[6] This amount consists of $125 - $100 = $25 x 15.25 hrs = $381.25.

## ATTORNEY COSTS

Petitioner requests $1,039.65 in overall costs. (ECF No. 34-2). This amount is comprised of obtaining medical records, copy costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$22,317.90** (representing $21,278.25 in fees and $1,039.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4